UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MILLER,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Case Number 06-15198
Criminal Case Number 05-80304
Honorable Julian Abele Cook, Jr.

_____/

## ORDER

On November 21, 2006, David Miller, acting without the benefit of an attorney, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, he contends that his counsel, Jeanette Williams-White, was ineffective when she failed to (1) object to the Government's proposed sentencing enhancement, (2) petition the Court for a downward departure, and (3) file an appeal to the Sixth Circuit Court of Appeals which would challenge the legality of his sentence.

On March 22, 2005, Miller was indicted by a federal grand jury on twenty-three counts of making a false claim for a tax refund, in violation of 18 U.S.C. § 287. On July 7, 2005, he entered a plea of guilty to count one of the indictment following his agreement with the Government under Federal Rule of Criminal Procedure 11. On November 15, 2005, the Court placed him in the custody of the Bureau of Prisons for a period of 24 months.

A defendant, who posits an ineffective assistance of counsel claim must show "not only that [his] defense counsel's performance was deficient but also that this deficient performance prejudiced

the defense." *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). In order to show that an attorney's performance was deficient, a defendant must demonstrate "that [his] counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to satisfy the requirement that the alleged deficient performance prejudiced his defense, the aggrieved defendant must "demonstrate that there exists a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different." *Wong*, 142 F.d39 at 319.

The standard that a court must utilize under these circumstances is that the defense "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* at 690. Thus, the scrutiny of a defense counsel's performance should be "highly deferential." *Id*. at 689.

Here, Miller contends that, even though he had specifically asked his attorney to object to the amount of the restitution (to wit, $218,091.00) within the parties' Rule 11 Plea Agreement, she failed to do. Miller's challenge to the stated restitution is without merit. The Court notes that the total loss amount, to which he now objects, was incorporated into the parties' Rule 11 Plea Agreement and in the attached worksheets. The record also indicates that he signed the Rule 11 Plea Agreement, which expressed his acknowledgment and agreement with the $218,091.00 figure. Moreover, the amount of the claimed losses to the victims of his criminal offenses was specifically referenced at paragraph 12 of the Presentence Investigation Report (PSR), to which he offered no objection. Moreover, Miller has not proffered any evidence that the restitution figure in the Rule 11 Plea Agreement, the sentencing worksheets, or the PSR were inaccurate. Hence, Miller has failed to satisfy the ineffective assistance of counsel test under *Strickland*. As such, the Court cannot conclude that Miller's attorney was deficient in her ethical responsibilities to Miller on this issue.

Next, Miller contends that his counsel was ineffective because she failed to ask the Court to make a downward departure under § 5K2.0 prior to the imposition of his sentence. Contending that he had been incorrectly informed by his attorney that a downward departure was not appropriate in his case, Miller believes that his "medical conditions, family circumstances, vulnerability and charitable or educational acts" would have warranted a decision in his favor by the Court. This argument runs counter to the official record in this case. The Rule 11 Plea Agreement between the parties made it clear that neither Miller nor the Government would not seek, recommend, or advocate for a sentence outside of the agreed upon sentencing range of 24-30 months. Although his counsel did not file a motion for a downward departure on the basis of the above factors, the Court did consider evidence regarding Miller's community involvement, his medical condition, the circumstances relating to his children, as well as his desire to support them. Testimony from Miller's wife, his pastor, and other close acquaintances was also presented to the Court.

The physical condition of a defendant, including his physique, is not ordinarily relevant in determining whether a departure may be warranted. *U.S.S.G.* § 5H1.4. Although Miller's medical ailments would have had no bearing on his ultimate sentence, the Court notes that he had failed to submit any documentation which would lend support to a claimed state of ill health. Moreover, there was no evidence submitted to the Court which would support his claim that his health should be a factor in the sentence. Finally, issues relating to family ties and related circumstances are not ordinarily relevant when deciding whether a downward departure is appropriate. *U.S.S.G.* § 5H1.6. The fact that Miller's family might incur some degree of financial difficulty or suffer from his incarceration is not a sufficient basis for a downward departure because such a hardship is ordinarily incident to imprisonment. Accordingly, even if Miller's attorney had filed a motion for downward departure, it is extremely improbable that his sentence would have been different. Thus, the Court

cannot find that Miller's counsel's performance on this issue was ineffective.

Finally, Miller contends that his attorney's failure to file an appeal on his behalf amounts to an unconstitutional denial of effective assistance by his defense counsel in this case. However, he has failed to provide the Court with any evidence to support this contention. Williams-White maintains that Miller never asked her to file a notice of an appeal on his behalf. Furthermore, Williams-White asserts that even if Miller had discussed appellate issues with her, she would have recommended that he retain another counsel. Without more evidence with which to support this argument, Miller has failed to meet the requisite *Strickland* standard in order for this Court to find that his counsel was ineffective.

In summary, the Court, following its review of the entire record, concludes that none of Miller's claims have satisfied the *Strickland* standards. Accordingly, and for the reasons that have been set forth above, the application by Miller to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255 must be, and is, denied.

IT IS SO ORDERED.

Dated: May 30, 2007           s/ Julian Abele Cook, Jr.
    Detroit, Michigan          JULIAN ABELE COOK, JR.
                       United States District Court Judge

Certificate of Service

I hereby certify that on May 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

         s/ Kay Alford
         Courtroom Deputy Clerk